**UNITED STATES of America,**
**Appellee,**

v.

**Ora M. COGBURN, Appellant.**

**No. 01–3075.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 2002.

Filed Jan. 24, 2002.

Before BOWMAN, FAGG, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

On February 1, 2001, Ora M. Cogburn
entered into an oral plea agreement and
pleaded guilty to unlawfully transporting a
stolen car in interstate commerce in viola-
tion of 18 U.S.C. § 2312. Eight days later,
Cogburn was convicted on an unrelated

charge of petty theft arising out of a De-
cember 2000 shoplifting incident. Five
months later, pretrial services reported
that a June 2001 urine sample provided by
Cogburn had tested positive for amphet-
amine, methamphetamine, marijuana, and
cocaine. At Cogburn's August 2001 sen-
tencing hearing on the charge of trans-
porting a stolen car in interstate com-
merce, she claimed a two-point sentencing
level reduction for acceptance of responsi-
bility. The district court * denied this re-
quest, adopting the presentence report
recommendation that Cogburn not receive
a reduction because of her post-plea agree-
ment petty theft conviction and illegal
drug use. Cogburn was sentenced to eight
months in prison. Cogburn appeals the
denial of a reduction in her sentencing
level.

We review the district court's de-
nial of a sentencing level reduction for
clear error. *See United States v. Byrd*, 76
F.3d 194, 195 (8th Cir.1996). Defendants
often request an adjustment for accep-
tance of responsibility after pleading
guilty, but a guilty plea does not automati-
cally entitle a defendant to a downward
adjustment. U.S.S.G. § 3E1.1 Application
Note 3 (2001). The court may consider
many factors when deciding whether to
grant this adjustment, including whether a
defendant has voluntarily withdrawn from
criminal conduct. *Id.* at Application Note
1(b). When evaluating Cogburn's request
for an acceptance of responsibility reduc-
tion, the district court was acting within its
discretion when it considered Cogburn's
post-plea agreement petty theft conviction
and illegal drug use, even though both
incidents of criminal conduct were unrelat-
ed to the offense for which Cogburn was

---

* The Honorable Gary A. Fenner, United States
District Judge for the Western District of Mis-
souri.

being sentenced. *See Byrd*, 76 F.3d at 197. Because the district court did not commit clear error when it denied Cogburn an acceptance of responsibility sentencing reduction, we affirm. *See* 8th Cir. R. 47B.